## W. A. Brewer *v.* The State.

1. CRIMINAL LAW. *Remand of prisoner.* *Recognizance.* Where a criminal· cause, brought into this court by appeal from a judgment of conviction of felony, is reversed for an apparently fatal defect in the transcript of the record, and the defendant remanded to·the court below for a new trial, that court has jurisdiction to provide for the safe keeping of the prisoner, and a recognizance taken for his appearance will be good, although, upon a more perfect transcript the order of reversal of this court is afterwards, during the same term, set aside, and the cause reinstated on the docket.

2. SAME. *Judgment upon recognizance.* Upon a joint and several recogni-. zance, entered into by a prisoner and his sureties for his appearance at a designated time, several judgments *nisi* may, since the Code, be taken against the principal and against the sureties, and prosecuted to final judgment.

3. SAME. *Scire facias.* *Sureties.* *Writ of error.* Where no defense is made by the sureteis to the *scire facias* sued out on the judgment *nisi* and served upon them, any mere irregularity in the proceedings. would be of no avail upon a writ of error, the only errors which can be relied on being those going to the merits, such as a want of jurisdiction in the court, or a fatal defect in the *scire facias.*

4. JUDGE, SPECIAL. *Powers of.* A special judge has all the power of a regular judge, and if he adjourn the court to a day beyond the commencement of the term of another court of the same circuit, and the court be held at the time, it would be a court *de facto* and its proceedings valid in a criminal as well as a civil case.

5. CRIMINAL LAW. *Forfeiture.* *Judgment.* ˙ *Scire facias.* A judgment *nisi* on a forfeited recognizance, upon which a *scire facias* has been issued and returned not found, without more, will not entitle the defendant to a writ of error.

FROM WAYNE.

Appeal in error from the Circuit Court of Wayne. county.   T. P. BATEMAN, J.

N. N. Cox for Brewer.

ATTORNEY-GENERAL LEA for the State.

COOPER, J., delivered the opinion of the court.

Brewer was tried and convicted under an indictment for rape, in the circuit court of Wayne county, and appealed in error to this court at its December term, 1879. The transcript of the record, as filed, showed a fatal defect, and the judgment was reversed for this defect, and the prisoner remanded for a new trial. At the January term, 1880, of the circuit court of Wayne county, the regular judge was not present, and a special judge was elected by the bar, under the provisions of the Revised Statutes, sec. 3930a. On the 2d day of that term, the prisoner appeared at the bar in custody of the sheriff, the order of this court reversing the judgment and remanding the cause having been entered on the minutes, and, by consent of the prisoner and district attorney-general, the cause was continued until the next term; whereupon, the prisoner, and J. J. Bromley and Archy Robertson his sureties, entered into a recognizance, by which they jointly and severally bound themselves to the State of Tennessee in the sum of $500, to be void on condition that said W. A. Brewer made his personal appearance before the judge of the said circuit court on the third Monday in May, 1880, to answer the State upon an indictment for rape, and not depart without leave of the court. After this, it was discovered that the defect in the transcript of the rec-

ord in this court was a clerical misprision, and a more perfect transcript having been filed, this court, the December term still continuing, set aside the judgment of reversal, reinstated the cause on the docket, and ordered a *capias* to issue for the defendant.

At the May term, 1880, of the circuit court of Wayne county, the regular judge being again absent, the clerk held an election under the Revised Code, sec. 3930*a*, and a special judge was elected and qualified according to law, and entered upon the discharge of the duties of his office. On the same day, the special judge adjourned the civil and criminal business of the court to the 31st of May, 1880, at which time the parties, witnesses and all others interested were required to attend. At that time the regular judge seemed to have been in attendance, and on the 3d of June, 1880, the defendant not appearing, was called out, and a judgment *nisi* entered up against him, for his default, for the penalty of his recognizance, and *scire facias* ordered, returnable to the next term. On the same day, a separate judgment *nisi* was rendered against Bromley and Robertson, the sureties, and a *scire facias* ordered for them, returnable to the next term. The *scire facias* issued against the defendant was returned with the endorsement that he was not to be found in the county. The *scire facias* for the sureties was duly executed on them. At the return term, the sureties made default, and a judgment final was taken against them.

The defendant Brewer, and Bromley one of his sureties, join in a petition for a writ of *supersedeas*,

to supersede the execution issued on the judgment against the sureties.

A writ of error does not lie in this State, either in a civil or criminal case, except where the judgment is final: Code, secs. 3176, 5246. There is no final judgment against Brewer upon the recognizance, and the writ of error asked for by him must be refused. There is a final judgment against Bromley, and he is entitled to a writ of error as of right. He can, however, only have a *supersedeas* by order of this court, or one of its judges, when satisfied, from an inspection of the record, that there is error: Code, sec. 3178. Under the circumstances of this case, the record has received the consideration of the entire court.

No defense having been made below, the only errors which can be relied on here are, probably, a want of jurisdiction in the circuit court to take the recognizance or render the judgment, or a fatal defect in the *scire facias: State* v. *Patterson*, 7 Baxt., 246. Any mere irregularity in the proceedings which could not have been taken advantage of by some mode of pleading, or by way of excuse to set aside a default, or obtain a continuance, would now be of no avail.

The first error relied on is, that the circuit court had no authority to render the judgment, the case being in this court. At the time the recognizance was taken, there was, in point of fact, no case in this court, the judgment of conviction having been reversed, and the cause actually remanded for a new trial. That court had the case before it, and the prisoner under its control. It is only by a theoretical fiction

that we can eliminate the fact, and treat the case as always in this court. Such legal fictions are sometimes resorted to for the purpose of attaining the ends of justice, but they are never allowed to thwart those ends. The circuit court, under an order of this court, had control of the person of the defendant, and might provide for his safe keeping. If the court had committed him to the custody of the sheriff, it would scarcely be contended that the officer, who obeyed the order, would have been guilty of false imprisonment. The court committed him to the custody of his bail, to have him forthcoming at the appointed time: *Devine* v. *State,* 5 Sneed, 623. The specification of the offense. to be answered, although the usual form, was not necessary, and mere surplusage: *State* v. *Rye,* 9 Yer., 386; *State* v. *Adams,* 3 Head, 260. The circuit court had authority, as long as the order of remand of this court continued in force, to provide for the safe keeping of the defendant, and therefore to admit him to bail. It may be likened to the case of an improper change of venue, where the court to which the venue was changed would have the power to commit or bail the prisoner, although not authorized to try him.

The subsequent setting aside of the judgment of reversal, restored to this court the jurisdiction of the original case and deprived the circuit court of any authority to retry the defendant, without further order. But it did not interfere with any order it may have made pending its actual control of the prisoner, or any obligation taken for his appearance. Upon the re-

sumption of jurisdiction by this court, it became the duty of the circuit court to return the defendant, and, in order to do so, to take him into custody if he appeared in compliance with the terms of his recognizance. If he failed to appear, it was equally the duty of that court to enforce the recognizance as a means of inducing his bail to surrender him. The case growing out of the recognizance is in the nature of a summary judgment, and in legal contemplation a separate suit from the criminal proceedings under the indictment: *Dickinson* v. *Kincaid*, 11 Hum., 72. The latter has been all the time in this court, the former is now for the first time sought to be brought into this court. They are as distinct as an appeal in error in a misdemeanor case, and the recognizance which the defendant in such a case may give for his appearance in the court below.

It is next argued that the special judge elected at the May term, had no power to adjourn the court over to a day not appointed by law to hold the court. The statute expressly confers upon a special judge " all the power and authority" of the regular judge: Code, sec. 3925. Under the Code, sec. 4222, it is every day's practice for a judge to adjourn his court in his sound discretion, or to resume business after a failure to hold court for any cause during a reasonable interval of time. And if it be conceded that a formal order of adjournment for a period of two weeks. was *ultra vires*, the court, if actually held at the time designated, would be a court *de facto*, and its proceedings valid: *Venable* v. *Curd*, 2 Head, 582. Even

if the appointment had been of a special term, the business being formally continued to that term, the forfeiture might, it seems, have been taken: *Elms* v. *State*, 10 Hum., 127; Code, sec. 4221. Nor does the fact that the term of another court of the circuit commenced in the interval, affect the result. This very point arose and was decided in favor of the validity of the proceedings in *Cheek* v. *Merchants National Bank*, 9 Heis., 489. The decision was based upon the principle of *Venable* v. *Curd*, and, to use the language of Nelson, J., "public justice demands that the views announced in that case shall apply as well to criminal as to civil cases": *Henslie* v. *State*, 3 Heis., 206.

It is also assigned as error that separate judgments were rendered against the principal and sureties. Upon a recognizance taken, and judgments thereon rendered before the adoption of the Code, a demurrer was sustained to a *scire facias* on this ground, the court, or rather the learned judge who delivers the opinion, resting the decision upon the want of authority in the court to render several judgments upon a joint and several recognizance: *Scott* v. *State*, 1 Head, 433. But the Code now provides that persons jointly and severally liable by judgment, decree or statute, may all or any part of them be sued in the same action: Code, sec. 2787; *Gregory* v. *Chadwell*, 3 Cold., 390. The distinction between statutory and common law bonds and recognizances is also abolished, and no defense to any action or *scire facias* prosecuted to enforce either is available, unless it would be a legal and valid defense to a suit at common law upon the same: Code,

sec. 5155; *State* v. *Quinby,* 5 Sneed, 419. An action would lie against any of the parties: Code, sec. 2787; *State* v. *Gassaway,* 11 Hum., 203. And the very point made in this case was raised and in effect decided in *State* v. *Johnson,* 6 Baxt., 198. For, although the demurrer to the *scire facias* which raised the point was sustained, it was upon another ground, and the cause was remanded for another *scire facias,* which would not have been done if a separate judgment against the surety was fatal.

The writ of error asked for by defendant is refused. The surety is entitled to a writ of error but not to a *supersedeas.*